UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-01481-JPH-MG |
| ) | |
| DEFENSE FINANCE AND ACCOUNTING ) | |
| SERVICE, ) | |
| JOHN T. VOTAW, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Henry Johnson, an inmate at the Northern Nevada Correctional Center, filed this case on July 21, 2022, alleging that the Defense Finance Accounting Service and its Deputy Director of Operations, John Vatow, allowed employees to fraudulently deposit Mr. Johnson's monthly military benefit checks into an account he did not authorize between March 2017 and February 2020 and that this conduct amounted to exploitation of an older/vulnerable person. *See* dkt. 1. Then, on August 15, 2022, Mr. Johnson filed another case based on the same underlying facts but relating to deposits made between November 2014 and July 2016. *See* Case No. 1:22-cv-1619-JPH-MG. That case was originally assigned to Judge Richard Young but was transferred to this Court because it is a related to this case. S.D. Ind. L.R. 40-1(e).

This order resolves pending motions filed in this case, 1:22-cv-1481-JPH-MG, and outlines steps Mr. Johnson must take in pursuing his case.

## I. Motion to proceed *in forma pauperis*

Henry Johnson's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED** to the extent that he is assessed an initial partial filing fee of $66.16. *See* 28 U.S.C. § 1915(b)(1). He shall have **through September 30, 2022** to pay this initial partial filing fee to the clerk of the district court.

Mr. Johnson is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Johnson and to his custodian, and the Court will screen the complaint under 28 U.S.C. § 1915A.

## II. Motion to appoint counsel

Mr. Johnson's motion for appointment of counsel, dkt. [3], is **DENIED without prejudice**. "Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price,* 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)). "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (*quoting Pruitt v. Mote*, 503

F.3d 647, 654 (7th Cir. 2007) (en banc)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, while the motion explains Mr. Johnson cannot afford to retain counsel, dkt. 3 at 2, it does not explain any efforts he has taken to recruit pro bono counsel. Therefore, he should make some attempts to recruit counsel on his own. *Cf. Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (affirming district court's requirement that litigant contact at least three attorneys to show reasonable effort).

For the second question, the Court considers whether the case's complexity "exceeds [the plaintiff's] capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Mr. Johnson's motion explains that he has limited legal knowledge and that he suffers from advanced Parkinson's disease, which affects his memory. Dkt. 3 at 4. While the Court is sensitive to Mr. Johnson's health issues, his filings thus far have been detailed and coherent. Moreover, since this case is in the earliest stage of litigation, "the district court faces the difficulty of accurately evaluating the need for counsel." *Rosas v. Advocate Christ Med. Ctr.*, 803 F. App'x 952, 954 (7th Cir. 2020) (citation omitted); *see Romanelli*, 615 F.3d at 852 (finding that "any accurate determination regarding [a litigant's] abilities or outcomes of the lawsuit" to be "impossible" when a case is "still in its infancy").

As a result, his motion for assistance in recruiting counsel is **DENIED without prejudice**. Dkt. [3]. If Mr. Johnson would like to renew his motion at a later stage in the proceedings, he should do so using the Court's form motion which the clerk will include with his copy of this order.

### III. Amended Complaint

Mr. Johnson currently has two cases pending before this Judge that are brought against the same defendants and allege the same underlying "fraudulent deposits" but cover different time periods. Mr. Johnson has also filed a motion to proceed in forma pauperis, dkt. 2, and a motion for appointment of counsel, dkt. 3, in the other case, 1:22-cv-1619-JPH-MG.

To avoid duplication of Mr. Johnson's and the Court's efforts, Mr. Johnson shall have **until October 14, 2022**, to file an amended complaint in this case, 1:22-cv-1481-JPH-MG, that covers **the entire period** in which he believes the fraudulent activity occurred. The amended complaint **must** include the case number, 1:22-cv-1481-JPH-MG, and "Amended Complaint" on the first page. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of Mr. Johnson's claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

### IV. Conclusion

For the reasons above, Mr. Johnson's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED to the extent** that he is assessed a partial initial filing fee of $66.16. His motion for appointment of counsel, dkt. [3] is

**DENIED without prejudice**. He shall have **until October 14, 2022**, to pay the initial partial filing fee and file an amended complaint as described above. Failure to take either action may result in dismissal of this case. After Mr. Johnson has paid his initial partial filing fee and filed his amended complaint, the Court will screen the amended complaint under 28 U.S.C. § 1915A.

The **clerk is directed** to include a copy of the form motion for assistance with recruiting counsel with Mr. Johnson's copy of this order.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HENRY JOHNSON
1107758
Nevada Correctional Center
PO BOX 7000
CARSON CITY, NV