UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:22-cv-01481-JPH-MG |
| DEFENSE FINANCE AND ACCOUNTING SERVICE, JOHN T. VOTAW, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Henry Johnson, an inmate at the Nevada Correctional Center, has filed an amended complaint and has paid the initial partial filing fee assessed by the Court. Dkts. 7, 8. Because Mr. Johnson is a "prisoner," this Court has an obligation to screen the amended complaint ("the complaint") before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

1

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.   The Complaint

Mr. Johnson alleges that the Defense Finance and Accounting Service and its Deputy Director of Operations, John Votaw, allowed employees to fraudulently deposit Mr. Johnson's monthly military benefit checks into accounts he did not authorize between November 2014 and February 2020 and that this conduct amounted to exploitation of an older/vulnerable person. *See* dkt. 7 at 1–22. He seeks compensatory, exemplary, and punitive damages. *Id.* at 23.

## III. Discussion of Claims

Liberally construed, Mr. Johnson's complaint plausibly alleges that, in the scope of his employment as a federal employee, Mr. Votaw negligently allowed his military benefits checks to be deposited into accounts that Mr. Johnson did not authorize, and that this negligence caused Mr. Johnson to lose access to those funds. This claim **may proceed** as a negligence suit against the United States under the Federal Tort Claims Act.

The claims against the Defense Finance and Accounting Service and Mr. Votaw, individually, must be **dismissed**. Tort claims against federal entities

and officials are treated as claims against the United States under the Federal Tort Claims Act (FTCA). "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("Plaintiff has no cause of action ... under the FTCA against an employee, [the] exclusive remedy being an action against the United States."); *see also Smith v. United States*, 678 Fed. App'x 403, 406 (7th Cir. 2017) ("The district court properly dismissed the claim against the Bureau because the United States is the only proper defendant in a FTCA suit.").

To the extent that Mr. Johnson's complaint alleges any deliberate fraudulent or abusive action on the part of defendants, those claims must be **dismissed** as well. *Beaulieu v. Ashford University*, 529 F. Supp. 3d 834, 849 (N.D. Ill. 2021) ("The FTCA's waiver of sovereign immunity is subject to a number of exceptions, including the intentional tort exception, which bars suits alleging certain intentional torts, including misrepresentation and deceit.") (citing *Millbrook v. United States*, 569 U.S. 50, 52 (2013); 28 U.S.C. § 2680(h)); *see Omegbu v. United States*, 475 Fed. Appx. 628, 629 (7th Cir. 2012) (affirming dismissal of claim that officials "deliberately falsified information in his file" under the intentional tort exception).

### IV. Conclusion and Directing Service

The only claim that **may proceed** in this action is an FTCA negligence claim against the United States. Because the Court has identified a plausible claim against the United States for actions Mr. Votaw took within the scope of his employment, he shall remain a defendant at this time for the limited

purpose of allowing service and substitution of the United States as a defendant.

The clerk is **directed** to terminate the Defense Finance and Accounting Service as a defendant.

The clerk is **directed** under Fed. R. Civ. P. 4(c) to issue process to Defendant John Votaw.  The Marshal for this District or his Deputy shall serve the summons, together with a copy of the amended complaint (docket 7) and a copy of this Order, on the defendants and officials designated under Fed. R. Civ. P. 4(i), at the expense of the United States.

**SO ORDERED.**

Date: 10/17/2022

Distribution:

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

HENRY JOHNSON
1107758
Northern Nevada Correctional Center
PO BOX 7000
CARSON CITY, NV  89702

John Votaw
Defense Finance and Accounting Service
8899 East 56th St.
Indianapolis, IN 46249

United States Attorney General
Department of Justice
10th and Constitution Avenue, NW
Washington, D.C.  20530

Office of the United States Attorney
10 West Market Street   Suite 2100
Indianapolis, IN  46204-3048