UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HENRY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01481-JPH-MG |
| | ) | |
| UNITED STATES OF AMERICA,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is in this Federal Tort Claims Act case is a Motion to Vacate Pretrial Schedule and Stay Discovery, [Filing No. 43], filed by Defendant the United States of America (the "Motion"). Defendant asks to stay discovery and other deadlines in this case until the Court rules of Defendant's pending Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (the "Dispositive Motion"). [Filing No. 43 at 1 (citing Filing No. 40).] Plaintiff's response to the instant Motion is lodged within his Fed. R. Civ. P. 56(d) Motion,[2] [Filing No. 46], which asks the Court to set aside his obligation to respond to the Dispositive Motion until he is able to conduct discovery on issues raised in the Dispositive Motion. Defendant's reply in support of its Motion is contained within its opposition to Plaintiff's Fed. R. Civ. P. 56(d) Motion. [Filing No. 49.] The Motion is thus ripe for the Court's decision.

---

[1] The Clerk is DIRECTED to correct the caption to reflect that the United States of America is the Defendant, rather than Defendant John Votaw. [*See* Filing No. 9 at 3-4 (noting that the only claim proceeding is an FTCA negligence claim against the United States and that Mr. Votaw was to remain a defendant for the limited purpose of service of process).]

[2] The Court only addresses the arguments contained in Plaintiff's Fed. R. Civ. P. 56(d) Motion and Defendant's reply thereto that relate to the relief requested in Defendant's Motion, *i.e.*, staying discovery and deadlines. The Court does not address the parties' Fed. R. Civ. P. 56(d) arguments.

### A. Legal Standard

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The party seeking a stay of discovery "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Indiana Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). In order to satisfy this burden, the "movant must show that good cause exists for the stay" of discovery. *Id.* The Court evaluates three factors to determine if good cause exists: "[1] the prejudice or tactical disadvantage to the non-moving party; [2] whether or not the issues will be simplified ...; and [3] whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

"Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *3. And, "courts disfavor stays of discovery because they bring resolution of the dispute to a standstill." *Am. Senior Communities, LLC v. Burkhart*, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019) (alternation and internal quotation marks omitted) (denying stay and noting that under Fed. R. Civ. P. 1, the Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding").

### B. Discussion

Defendant argues that a stay of discovery and other deadlines is appropriate because the Fed. R. Civ. P. 12(b)(6) argument raised in the Dispositive Motion is the issue of statute limitations that could dispose of the entire case. [Filing No. 43 at 1.] Defendant also points out that the Motion has been filed early in the timeline of this case and that it is not likely that the Court will

2

issue a ruling on the Dispositive Motion prior to the current discovery deadline in May 2023. [Filing No. 43 at 2.]  Defendant argues that staying discovery and other deadlines will save the parties and the Court time, resources, and money.  [Filing No. 43 at 2.]

In response, Plaintiff argues that the pendency of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not typically a good reason to stay discovery and cites cases from this District stating as much.  [Filing No. 46 at 4-5.]  Furthermore, Plaintiff points out that as the party seeking to stay discovery, it is Defendant's burden to establish "good cause" for a stay, addressing the factors of prejudice, simplification of issues, and the burden of litigation, and says that Defendant has failed to carry that burden.  [Filing No. 46 at 7.]  Plaintiff also argues that discovery will be necessary to respond to Defendant's Dispositive Motion arguments about statute of limitations and exhaustion, stating that facts may show that tolling is appropriate.  [Filing No. 46 at 5-6.]

Defendant replies that Plaintiff does not need discovery to respond to the Fed. R. Civ. P. 12(b)(6) statute of limitations argument in its Dispositive Motion because that argument rests "solely [on] the allegations that [Plaintiff] himself asserted in his Amended Complaint."  [Filing No. 49 at 3.]  Defendant argues that contrary to Plaintiff's assertion, its Motion provided good cause to stay discovery because the Motion explained that "it would be a waste of money, time, and resources for the parties to engage in discovery until the Court has decided whether the suit is barred by the statute of limitations," and "[o]bviously, if the suit is time-barred, the issues will be simplified and the burden of litigation will be eliminated."  [Filing No. 49 at 4 (internal quotation marks and citation omitted).]

Here, the primary argument advanced by Defendant in support of its Motion is that it has filed the Dispositive Motion.  This unadorned argument, without more, is an insufficient basis to stay the case.  As to the first factor, a stay of discovery would prejudice Plaintiff as he seeks

3

information from Defendant that may assist him in responding to certain arguments about exhaustion and the statute of limitations advanced by Defendant in its Dispositive Motion. On the second factor, it is not evident not the undersigned that the pending Dispositive Motion will simplify issues. Of note, the Seventh Circuit has stated that Fed. R. Civ. P. 12(b)(6) motions premised on a statute of limitations affirmative defenses are "irregular" because "complaints need not anticipate and attempt to plead around defenses." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) (quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). On the third factor—the burden of litigation—discovery in this case should be fairly limited, addressing the communications between Plaintiff and Defendant and the payment history for Plaintiff's benefits. Certainly, Defendant has not established that discovery would be so burdensome that it constitutes sufficient cause to set aside the typical timing and staging of a civil case. Thus, all three factors weigh against issuing a stay of all discovery.

The Court also observes that the denial of a blanket stay does not mean that proportional discovery at this stage is without boundaries. If Defendant believes that particular requests from Plaintiff are overly burdensome and disproportional to the needs of this case, it can seek relief from the Court.

Furthermore, while no motion is currently pending from the parties, the Court can address any case schedule deadlines that may need to be adjusted in light of Recruited Counsel's recent appointment to this case. Before filing any such motion, however, the parties are to meet and confer about proposed adjustments.

### C. Conclusion

For the foregoing reasons, Defendant's Motion to Stay, [43], is DENIED.

The parties are ORDERED to meet and confer about any proposed case schedule adjustments that may be necessary.

The CLERK is DIRECTED to correct the caption to reflect that the United States of America is the Defendant, rather than Defendant John Votaw.

Date: 3/22/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution to all counsel of record via ECF.**

**Distribution via U.S. Mail to:**

Mr. Henry Johnson
1107758
Nevada Correctional Center
PO Box 7000
Carson City, NV  89702