UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 1:22-cv-01481-JPH-MG <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Henry Johnson filed this case seeking to recover military retirement payments that he did not receive for several years. At screening, the Court permitted a claim for negligence under the Federal Tort Claims Act ("FTCA") to proceed. The United States has moved for summary judgment arguing, among other things, that Mr. Johnson failed to notify the appropriate federal agency of his claims and that the claims are time barred. Because Mr. Johnson did not notify the appropriate federal agency of his claims within two years of discovering the issue with his retirement payments, the United States' motions for summary judgment are **GRANTED**. Dkt. [40]; [57].

**I.
Facts and Background**

Defendant has moved for summary judgment under Rule 56(a), so the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

1

Mr. Johnson served over 20 years in the United States military.[1]  Dkt. 40-1 at 6, 11 (Status Conference Transcript ("SCT") at 6:10, 11:18–20).[2]  He began receiving military retirement checks from the Defense Finance and Accounting Service ("DFAS") after his retirement.  In October 2012, Mr. Johnson was arrested in Nevada and has been incarcerated ever since.  Dkt. 40-2 at 1 (Nov. 2014 Letter); *see Johnson v. State of Nevada*, 3:18-cv-00521-MMD-WGC, docket no. 43 (D. Nev. Mar. 10, 2021).

Beginning in January 2014, Mr. Johnson became concerned that his military retirement checks were not being deposited into his bank account.  Dkt. 40-1 at 3 (SCT at 3:4–10).  He wrote DFAS a letter about the issue a few months later but never got a response.  *Id.* (SCT at 3:14–20).  Then, on November 19, 2014, Mr. Johnson wrote another letter to DFAS explaining that he had not received his retirement checks from January through November of 2014.  Dkt. 40-2 at 1.  He told DFAS that he believed that someone had gotten access to his account and was spending his retirement money.  *Id.*

Over the next few years, both Mr. Johnson and his son asked DFAS to change the account that his checks were deposited into, but DFAS did not respond.  Dkt. 40-1 at 4–5 (SCT 4:5–5:4).  According to his attorney, a DFAS representative "told [Mr. Johnson] that there would be a 'full investigation' and

---

[1] The Court acknowledges Mr. Johnson's many years of military service to the United States and thanks him for his service and sacrifice.

[2] Although this transcript contains unsworn testimony, the Court relies on it for uncontested background facts.

that the money he earned through his service to his country would be returned to him". Dkt. 46-1 at 2 ¶ 12.  He further states that an unidentified "government employee said words to the effect of 'we will look into this issue and get it resolved for you.'"  Dkt. 66 at 3-4.[3]  Mr. Johnson does not provide detail regarding who made these statements or when they were made, and the record does not contain any corroborating evidence of these statements.  Dkt. 66 at 3.

On June 14, 2020, Mr. Johnson wrote to DFAS again, explaining that his ex-wife's niece had used his personal information to divert other retirement payments to her own accounts, and he was worried that she had done the same with his military benefits.  Dkt. 40-3.  Finally, after Mr. Johnson wrote to his congressman, DFAS changed his "direct deposit back to [his] Wells Fargo account" in May 2021.  Dkt. 40-1 at 5 (SCT at 5:16–20).  He received his first check in his Wells Fargo account in June 2021, but DFAS has not re-issued previous payments that Mr. Johnson did not receive.  *Id.* at 6 (SCT at 6:14–16).

On July 21, 2022, Mr. Johnson sued to recover payments made between June 2017 and January 2020, but that he did not receive, and later amended his complaint to expand the time period of payments that he seeks to recover to include November 2014 through February 2020.  Dkt. 1, 7.  The Court screened his amended complaint and allowed an FTCA claim for negligence to proceed against the United States.  Dkt. 9.

---

[3] There is no accompanying declaration from Mr. Johnson on this point, but his counsel states that he is prepared to testify regarding this conversation, so the Court accepts this assertion as true for the purpose of resolving this motion.  Dkt. 66 at 3-4.

In response to Mr. Johnson's request, the Court recruited volunteer counsel to represent Mr. Johnson in this case. Dkt. 26; 37; 50.[4]

The United States moved to dismiss, and alternatively moved for summary judgment, arguing that Mr. Johnson's claims were barred by the FTCA's notice requirement and two-year statute of limitations. Dkt. 40. While those motions were under advisement, the parties completed discovery. *See* dkt. 58 at 3; dkt. 34 at 2. The United States filed a supplemental motion for summary judgment, reincorporating its prior arguments and arguing that Mr. Johnson's claims also fail on the merits. Dkt. 57. Mr. Johnson filed a response, dkt. 59, and then, at the close of discovery, a status report, dkt. 66. The government filed a reply to his response, dkt. 62, and a response to Mr. Johnson's status report, dkt. 67.

The Court considers the government's motions together under the summary judgment standard.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp.*

---

[4] The Court thanks Mr. Hadley and Mr. Fretwell for serving as recruited counsel and for their conscientious representation of Mr. Johnson.

4

*v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584.

### III.
### Analysis

Tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b); *see* 28 U.S.C. § 2675(a).  Here, the parties dispute the date of accrual.  *Compare* dkt. 41 at 8 *with* dkt. 57 at 8.  For the purpose of resolving the current motions, the Court accepts Mr. Johnson's position that the claim accrued on the last missed payment, February 2020, dkt. 57 at 8. Therefore, Mr. Johnson was required to present his claims to the appropriate federal agency no later than February 2022.  28 U.S.C. § 2401(b).

To present a claim, an individual may execute either a "Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain.'" *Chronis v. United States*, 932 F.3d 544, 546–47 (7th Cir. 2019) (quoting 28 C.F.R. § 14.2(a)); *see also Smoke Shop, LLC v. United States*, 761 F.3d 779, 788 (7th Cir. 2014).  The written notice must "make[] it clear that [the plaintiff] [wa]s demanding money from the agency." *Chronis*, 932 F.3d at 547-48 (notice was requesting "guidance on how to

proceed" not "tell[ing] the government that [the plaintiff] intended to bring a tort suit against it").

Here, Mr. Johnson's letters to DFAS from 2014, 2020, and 2021 are the only designated evidence that Mr. Johnson may have presented a claim to the appropriate federal agency. Dkts. 40-1 at 3, 40-2, 40-3, 57-2, 57-3. *See also* dkt. 40-4; dkt. 54 at 5-6. The question is whether these letters satisfied the FTCA's presentment requirement.

***July 2014 Letter.*** While this letter is not in the evidentiary record, Mr. Johnson explained to the Court that the July 2014 letter told DFAS to "hold [his] deposits" and to "not change anything." Dkt. 40-1 at 3 (SCT at 3:11–20). This does not constitute a demand for money from DFAS, but rather a request to pause on issuing payment. *Chronis,* 932 F.3d at 547.

***November 2014 Letter.*** In this letter, Mr. Johnson states that he did not receive retirement pay from January 2014 to November 2014. Dkt. 40-2. Mr. Johnson is responding to DFAS's request for additional information, not making a money demand to DFAS. Like *Chronis,* where a request for guidance did not constitute a demand, responding to an agency's letter for more information, without more, does not constitute a "demand for a certain sum." 932 F.3d at 547-48.

***June 2020 Letter.*** In this letter, Mr. Johnson does not make any request for the return of the missed payments from DFAS, but rather requests "information on the account that the money is currently being deposited into"

6

and that all future payments be deposited into his Wells Fargo account.  Dkt. 40-3.

**November 2020 Letter.**  Mr. Johnson requests the "recovery of all monies that was sent to the persons bank account from Nov. 2016 to present and that this money be sent to [his] Wells Fargo Bank account."  Dkt. 57-2 at 4.  This letter requests that DFAS send him money from another individual's account, rather than "demanding money from the agency."  *Chronis*, 932 F.3d at 547–48.  It therefore does not put the government on notice that he intended "to bring a tort suit against it."  *Id.* at 549.  Like in *Smoke Shop, LLC*, Mr. Johnson's November 2020 letter requests recovery, but "made no claim to money damages should the property not be returned."  *Smoke Shop, LLC*, 761 F.3d at 787.

**October 2021 Letter.**  This letter is a request for "help in the recovery of [his] military retired pay that was sent to the Bank of America starting in early 2017 until February of 2021."  Dkt. 57-3 at 1.  Like the November 2020 letter, this letter does not put the government on notice of a potential tort suit.  *Chronis*, 932 F.3d at 547–49.

In sum, none of Mr. Johnson's letters to DFAS satisfy the FTCA's prelitigation requirement of "written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2; *Chronis*, 932 F.3d at 547–48; *Smoke Shop, LLC*, 761 F.3d at 787.  And without a claim "presented in writing to the appropriate Federal agency," 28 U.S.C. § 2401(b),

7

Mr. Johnson's claims, which he had to have presented no later than February 2022, are time-barred.

Mr. Johnson argues that even if his claims are time-barred because he did not timely submit written notice, the Court should still let his claims proceed under the doctrine of equitable tolling.  But he has not shown that this is one of the rare circumstances where equitable tolling applies.  *See Singletary v. Cont'l Ill. Nat. Bank & Tr. Co. of Chi.*, 9 F.3d 1236, 1241 (7th Cir. 1993); *United States v. Wong*, 575 U.S. 402, 420 (2015).  To seek equitable tolling, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012).  Here, despite Mr. Johnson's health conditions and incarceration, he raised the issues that are the subject of this lawsuit with DFAS as early as 2014.  Dkt. 40-2.  Thus, Mr. Johnson has not shown that his health conditions or his incarceration "actually impaired his ability to pursue his claims." *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016).

Mr. Johnson further argues that he should be relieved of the two-year statute of limitations for filing a claim because he had a good-faith belief that he did not need to file a lawsuit to pursue repayment of the missed payments from DFAS.  He based this belief on a DFAS representative's statement that there would be an investigation and resolution regarding his payment issues. Dkt. 46-1 at 2 ¶ 12.  But the evidence does not show that the government affirmatively discouraged him from filing a legal claim either with the agency or

in court, so the conversation with the DFAS representative that Mr. Johnson relies on does not support equitable tolling. *Singletary*, 9 F.3d at 1241 (equitable estoppel would not apply even when a bank likely knew that a plaintiff had not taken out a loan from it but refused to admit that fact to the plaintiff).

While the Court allowed Mr. Johnson's FTCA claim to proceed at screening, s*ee* dkt. 9, the designated evidence now before the Court on the developed record shows that Mr. Johnson's claims are time-barred. Despite his knowledge of the facts underlying the claims, he did not present a written claim within the two-year statute of limitations.

## IV.
## Conclusion

The United States' motions for summary judgment are **GRANTED**.[5] Dkts. [40], [57].

Mr. Johnson's motion for service, dkt. [25], is **DENIED** as moot.

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 9/29/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[5] Because summary judgment is granted due to the failure of the plaintiff to provide notice to the appropriate federal agency and the FTCA's statute of limitations, the Court need not reach the government's arguments for summary judgment based on the case's merits.

Distribution:

HENRY JOHNSON
1107758
Nevada Correctional Center
PO BOX 7000
CARSON CITY, NV 89702

All electronically registered counsel